UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHEL MENDY,

                Plaintiff,                   No. 2:13-cv-11712

vs.                                 Hon. Gerald E. Rosen

DIRECTOR, BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

                Defendants.
_____/

## ORDER VACATING STAY OF REMOVAL AND DISMISSING CASE FOR LACK OF JURISDICTION

### I.  INTRODUCTION

On April 16, 2013, Plaintiff Michel Mendy filed a motion for a writ of habeas corpus or, in the alternative, a motion to stay the removal of Plaintiff from the United States by Defendant Bureau of Immigration and Customs Enforcement ("ICE").  That same day, the Court entered an Order Directing Service and Amending Caption, which stayed Plaintiff's removal from the United States pending further review and allowed the Defendants to move to vacate the stay for good cause shown.  Defendants made such a motion on April 25, 2013, arguing that this Court lacks jurisdiction to stay Plaintiff's removal.  Plaintiff replied to Defendants' motion on May 1, 2013, in compliance with this Court's order.

Having reviewed and considered Plaintiff's Complaint, the Defendants' Motion, Brief and supporting documents, the Court finds that the facts and legal arguments pertinent to the

1

parties' positions have been adequately presented in the parties' filings and concludes that oral argument would not aide the judicial process. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this matter will be decided on the briefs and documents filed.

The Court also finds, for the reasons set forth below, that it is without jurisdiction stay Plaintiff's removal or to adjudicate any issues pertaining thereto. Therefore, the Court will VACATE the Order Staying Removal and DISMISS Plaintiff's Complaint, without prejudice.

## II.  FACTUAL BACKGROUND

Plaintiff Michel Mendy, a national of Senegal, entered the United States as a non-immigrant on September 10, 1998. His visa authorized him to stay in the United States for one year, and it is not disputed that he overstayed that period without authorization.

On March 5, 2010, Plaintiff was served with a Notice to Appear in immigration court, charging him with being subject to removal under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as a non-immigrant who remained in the United States for a time longer than permitted. At his first hearing, held on June 2, 2010, he confirmed that his address was 1995 Glynn Court, Detroit, MI. He confirmed this address at both his August 11 and August 25, 2010 hearings, as well as his November 10, 2010 hearing, at which he submitted an application for asylum. Plaintiff is a homosexual and sought asylum from his native Senegal because "[h]omosexuality is greatly punished in Senegal" and he "fears for his life."

Plaintiff's case was scheduled for hearing on August 7, 2012. However, Plaintiff

2

failed to appear at this hearing, and the immigration judge ordered him removed *in absentia*. Following this order, Plaintiff moved to reopen the case and rescind the *in absentia* order of removal, alleging his representation was ineffective because counsel failed to notify him of the hearing.  Plaintiff claims that he never received notice of the hearing because the address he provided at his hearings -- 1995 Glynn Court -- was not his actual address.  Rather, he has submitted an affidavit of Pastor Leslie Matthews which avers that Plaintiff has lived with him at 4261 Sturtevant Street, Detroit, MI, since February 1998.  This motion was denied on April 28, 2013.  In its denial, the immigration court noted: (i) that Pastor Matthew's affidavit lacked any credibility, as it contradicted Plaintiff's previous four statements regarding his address; (ii) that Plaintiff's counsel had made numerous attempts -- utilizing a variety of methods -- to contact Plaintiff prior to the first hearing, and was not ineffective in his representation; and (iii) that Plaintiff failed to communicate his correct address and telephone number to counsel and the Court.

Plaintiff now requests that this Court: (i) grant a Writ of Habeas Corpus; and (ii) grant Plaintiff protection from removal under the U.N. Convention and Protocol relating to the protection of refugees.  In support, Plaintiff argues that the *in absentia* order removing Plaintiff violates his constitutional right to due process, as failure to change his address -- causing him to miss his hearing and thereby forfeit his ability to present his purportedly meritorious asylum claim -- does not justify deportation.  Defendant counters that (i) the U.N. Convention and Protocol are not self-executing, and therefore are not judicially enforceable, and (ii) this Court lacks jurisdiction to stay Plaintiff's removal or hear a claim for relief from

3

a final removal order.

## III.  DISCUSSION

Although Plaintiff seeks to challenge the immigration court's order to remove him from the United States -- and to stay his removal while he pursues this challenge -- he must establish as a threshold matter that the Court has subject matter jurisdiction over this suit. In their response to Plaintiff's motion for a temporary restraining order or preliminary injunction, Defendants argue that this jurisdiction is lacking.  The Court agrees.

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, *et seq.*, significantly narrowed the scope of judicial review for removal orders in immigration cases and essentially stripped district courts of jurisdiction over such cases.  Section 106(a) of the REAL ID Act amended section 242 of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1252, to make clear that district courts do not have jurisdiction, habeas or otherwise, to review any removal order for any alien.  Among the amendments, the REAL ID Act added subsection 242(a)(5), 8 U.S.C. § 1252(a)(5), which provides that a petition filed with the appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section [pertaining to injunctive relief from exclusion orders and class actions]."

Section 242(g) of the amended INA, 8 U.S.C. § 1252(g) emphasizes the exclusivity of appellate court jurisdiction and specifically precludes this Court from exercising jurisdiction over this matter.  It provides:

4

Except as provided in this section and ***notwithstanding any other provision of law*** (statutory or nonstatutory), ***including section 2241 of title 28, United States Code***, or any other habeas corpus provision, and ***sections 1361*** [pertaining to district court jurisdiction over mandamus actions] ***and 1651*** [pertaining to the court's authority to issue writs in aid of the court's jurisdiction] ***of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien*** under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

Plaintiff's complaint here is brought pursuant to the Court's mandamus jurisdiction as provided in 28 U.S.C. § 1361. The Court entered its stay of removal pursuant to 28 U.S.C. § 1651. The REAL ID amendments to section 242(g), however, stripped this Court of its jurisdiction under these sections with respect to removal of aliens. Exclusive jurisdiction lies in the Sixth Circuit Court of Appeals.

In an apparent effort to avoid this clear and statutorily mandated outcome, Plaintiff seems to suggest in his motion and underlying complaint that he is not challenging a removal order, but instead is asserting a due process claim on the grounds that his removal (i) violates the U.N. Convention Relating to the Status of Refugees and (ii) will result in a punishment that is too severe for his asserted error -- as he sees it -- of forgetting to notify the immigration court of his change in address.[1]

---

[1] The Court notes that Plaintiff's asserted error -- "failure to change an address" -- does not align with the facts presented in this case. At all times prior to his request to reopen his case and rescind his removal order, Plaintiff provided the immigration court with one address: 1995 Glynn Court. It was not until after he was ordered removed that a second address -- 4261 Sturtevant Street -- became associated with Plaintiff. However, even accepting that Plaintiff resided at the Sturtevant location, the affidavit of Pastor

Yet, as this Court recognized in *Benitez,* the jurisdiction-stripping effect of the REAL ID amendments "applies both to direct and indirect challenges to an alien's removal order." *Benitez v. Dedvukaj,* 656 F. Supp. 2d 725, 727 (E.D. Mich. 2009).   Plaintiff cannot "circumvent the REAL ID Act's review provisions and express limitation of district court jurisdiction by claiming that he is pursuing in this court a due process claim that is somehow distinct from his removal order." *Benitez,* 656 F. Supp. 2d at 728; *see also Nwankoso v. Department of Homeland Security*, 2006 WL 212368 at *1 (N.D.N.Y. 2006) (disallowing indirect challenge to removal order); *Ginters v. Cangemi*, 419 F. Supp. 2d 1124, 1131 (D. Minn. 2006) (while petitioner's action "does not challenge his removal *per se*. . . a review [of the visa petition] by this Court resulting in a favorable determination for [petitioner] would indirectly challenge the validity of the removal order").

In *Yzo v. Gonzales*, 2007 WL 1840145 (E.D. Mich. 2007) (Zatkoff, J.), the petitioner, who had been lawfully temporarily admitted to the United States, had been unsuccessful with his petition for asylum.   He was subsequently taken into ICE custody and was ordered removed.   Yzo filed a petition for a writ of habeas corpus in the district court.   Upon receipt of the petition, the court entered an order directing service and stayed the deportation.   The

---

Matthews states that Plaintiff has been living at that address since February 1998.  These facts support two possible scenarios: Plaintiff either (i) lived on Glynn Court -- as he stated in four separate hearings -- and therefore received notice of this action, or (ii) lived on Sturtevant Street since 1998, in which case he lied about his address in four separate hearings.  Neither narrative supports Plaintiff's assertion that he had recently changed his address and merely forgot to notify the Court.

government responded and moved to lift the stay. Finding that the REAL ID Act stripped the district court of jurisdiction over such matters, Judge Zatkoff vacated the stay and dismissed Yzo's habeas petition, without prejudice. In so doing, Judge Zatkoff rejected the petitioner's argument that he was not challenging his order of removal but was instead asserting claims of Fifth and Sixth Amendment deprivations. The court reasoned:

> [A]lthough Petitioner challenges his detention, the fact of the matter is that his detention is only illegal if the order of removal was erroneously entered. **If the order of removal is valid, so is the BICE's action in detaining him. At this time, therefore, Petitioner's true objective is, and must be, to challenge the order of removal** entered by the Immigration Judge and upheld by the BIA. His argument that he has "not had a meaningful opportunity to address. . . his meritorious asylum claim, and . . . the propriety of his release from detention" exemplifies that objective.

2007 WL 1840145 at *3.

Plaintiff's failure to appear at his hearing, and resultant inability to present his case for asylum, does not alter this outcome. In *Bakal v. Ashcroft*, 56 Fed. App'x 650, 653-54 (6th Cir. 2003), the Sixth Circuit considered whether an *in absentia* order of removal violated plaintiff's constitutional right to due process. The Court rejected the claim, stating:

> Bakal was given a fair opportunity to be heard at her deportation hearing. Her claim of a denial of Due Process simply ignores the reality that she failed to attend her own hearing. Generally, we are dubious of an alien's claim of violation of Procedural Due Process where the deportation order is entered because the alien has failed to attend her deportation hearing for less than exceptional circumstances. In such an instance, the alien has simply failed to prosecute her own case. The resulting *in absentia* order is akin to a default judgment.

*Bakal v. Ashcroft*, 56 F. App'x 650, 654 (6th Cir. 2003).

Plaintiff's due process claim, premised on the fact that he will be mistreated if he

7

returns to Senegal, is nothing more than a backdoor attempt to argue for asylum, which he forfeited when he failed to appear at his removal hearing.  As this Court does not have jurisdiction to hear indirect challenges to removal orders, it cannot grant Plaintiff the relief he seeks.

## IV. CONCLUSION

For all of the foregoing reasons, the Court concludes that it lacks jurisdiction to stay Plaintiff's removal or to adjudicate any issues pertaining thereto.  Jurisdiction over this matter lies exclusively in the Sixth Circuit Court of Appeals.  Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Vacate Stay of Removal **[Dkt. # 3]** is GRANTED.  Accordingly,

IT IS FURTHER ORDERED that the Court's April 16, 2013 Order Staying Petitioner's removal **[Dkt. # 2]** is hereby VACATED.

IT IS FURTHER ORDERED that this case is DISMISSED, WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 6, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2013, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135